UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| J.J.T.S., C.B.G.L., M.S.S., and L.Q.T., <br><br> Petitioners, <br><br> v. <br><br> LADEON FRANCIS, DIRECTOR OF CHICAGO FIELD OFFICE, U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary of Homeland Security; PAMELA BONDI, Attorney General of the United States; ROBERT F. KENNEDY, JR., Secretary of the Department of Health and Human Services; ANGIE SALAZAR, Acting Director of the HHS Office of Refugee Resettlement; ANDREW GRADISON, Acting Assistant Secretary of the HSS Administration for Children and Families; SANDRA CAESAR, ORR Federal Field Specialist Supervisor, in their official capacities, <br><br> Respondents. | No. 25 CV 10428 <br><br> Judge Georgia N. Alexakis |

## ORDER

Petitioners' motion for a preliminary injunction [3], renewed orally during a telephonic hearing on August 31, 2025, to account for a recently filed amended complaint [10], is granted as to the named petitioners.

## STATEMENT

Petitioners J.J.T.S., C.B.G.L., M.S.S., and L.Q.T (collectively, "petitioners") are minor children and Guatemalan citizens who entered the United States unaccompanied by a parent between 2023 and 2024. [10] ¶¶ 7–10. All are currently in the care and custody of the Office of Refugee Resettlement ("ORR"), a component of the United States Department of Health and Human Services. *Id.* In 2025, respondents initiated removal proceedings against petitioners. *Id.* at 1–2. On August 29, 2025, petitioners' counsel received notice that during the weekend of August 30

to September 1, 2025, United States Immigration and Customs Enforcement ("ICE") intended to take petitioners away from ORR custody, place them in ICE custody, and remove them from the United States. *Id.*

On August 30, 2025, petitioners moved for a temporary restraining order and/or preliminary injunction, indicating that petitioners were "in imminent danger of being transferred out of the jurisdiction of this Court and removed from the United States." [3] at 1. Petitioners seek an order from the Court "barring their summary removal and barring Respondents from relocating them outside of their current placement within ORR custody (specifically Des Plaines, Naperville and Gurnee, Illinois)." [3-1] at 3. Petitioners specify that they do not seek release from ORR custody, or to prevent respondents from seeking a removal order in immigration court. *Id.*

In response to petitioners' motion, and in an effort to preserve the status quo pending further judicial proceedings, on August 30, 2025, the Court issued an emergency order temporarily staying petitioners' removal from ORR custody, the Northern District of Illinois, or the United States. [4]. In a subsequently status report, respondents' counsel indicated that counsel did not know petitioners' current locations but had made respondents aware of the Court's order, were "actively investigating where petitioners are located," and would provide that information to the Court "[o]nce respondents' counsel had more responsive information." [6].

Then, on August 31, 2025, the Court received notification that petitioners may be in the process of being removed from the United States and set an emergency telephonic hearing in this matter. [8]. *See L.G.M.L. et al. v. Noem et al.*, 25 CV 2942 (D.D.C.) (docket entry dated Aug. 31, 2025). At the hearing, respondents' counsel represented that to their knowledge petitioners are still within the Northern District of Illinois and remain in ORR custody. Petitioners' counsel notified the Court that they had received information that ICE is moving forward with removing Guatemalan national minors from ORR facilities and placing them in ICE custody. *See also* [10-2].

While petitioners' amended complaint [10] mooted their initial complaint [1], the Court construed petitioners' oral motion at the hearing as a renewal of their motion for a TRO and/or preliminary injunction [3]. Because the respondents confirmed at the hearing they received notice of the motion, because respondents had an opportunity to respond to the motion at the hearing, and because the standards for issuing a preliminary injunction are the same as those for issuing a TRO, the Court considers petitioners' request as one for a preliminary injunction. To prevail, petitioners must establish that (1) without preliminary relief, they will suffer irreparable harm before final resolution of their claims; (2) legal remedies are inadequate; and (3) their claim has some likelihood of success on the merits. If they make this showing, the court balances the harms to the moving parties, other parties,

and the public. *Eli Lilly & Co. v. Arla Foods, Inc.*, No. 17-2252, 2018 WL 2998510, at *2 (7th Cir. June 15, 2018).

Petitioners have demonstrated some likelihood of success on their claim that removal from ORR custody would violate federal law. In particular, the Court finds that petitioners are likely to succeed in their claim that removal of petitioners, who are minor children, from ORR custody to ICE custody would violate the Trafficking Victims Protection Reauthorization Act of 2008, *see* 8 U.S.C. § 1232(b)(1), and removal without due process would violate their rights under the Due Process Clause of the Fifth Amendment of the United States Constitution.

The Court also finds that removal from the United States would cause irreparable harm to petitioners for which no legal remedy exists. At a minimum, petitioners "face the threat of removal prior to receiving any of the protections the immigration laws provide." *Huisha-Huisha v. Mayorkas*, 560 F. Supp. 3d 146, 172 (D.D.C. 2021); *see also Nken v. Holder*, 556 U.S. 418, 435 (2009) (recognizing "the irreparable nature of harm from removal before decision on a petition for review" where petition would be abated upon removal). If removed, petitioners, who fled Guatemala, also suggest they may be subject to persecution or torture if returned there. See [10] at 13–14 (citing *Huisha-Huisha v. Mayorkas*, 560 F. Supp. 3d at 173). Respondents have not disputed any of the suggested harms.

The Court finds that the balance of equities favors granting the injunction here. Petitioners assert (and again, respondents do not dispute), that they would be harmed by removal from ORR custody and placement in ICE custody or removal from the United States without due process. The Court agrees. The Court also finds that the public's interest alights with that of petitioners. *See Nken*, 556 U.S. at 436 ("Of course there is a public interest in preventing aliens from being wrongfully removed, particularly to countries where they are likely to face substantial harm."). Finally, respondents have not articulated any harm to the government that would be cause by entry of a preliminary injunction here.

For these reasons, the Court orders that:

1. Respondents shall not remove Petitioners from the custody of the U.S. Department of Health and Human Services, Office of Refugee Resettlement ("ORR"), and place them in the custody of the U.S. Immigration and Customs Enforcement ("ICE"), pending resolution of this litigation.

2. Respondents shall not remove Petitioners from the jurisdiction of the United States, nor shall they transfer Petitioners to any judicial district outside the State of Illinois, pending resolution of this litigation.

3. If any Petitioner has already been removed from the custody of the U.S. Department of Health and Human Services, Office of Refugee Resettlement ("ORR"), or transferred outside the jurisdiction of this Court or the State of Illinois, Respondents are ORDERED to immediately notify the Court in writing of the current location(s) of the Petitioner(s), including the specific judicial district(s) and facility(ies) where the Petitioner(s) is/are held. Such notice shall be filed in writing on the docket as soon as Respondents learn this information.

4. The status hearing set for 9 a.m. on 9/3/25 stands.

Date: 8/31/25

Georgia N. Alexakis
U.S. District Judge